IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RHEINMAGNET HORST BAERMANN GMBH,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>OVID ACQUISITION CORP. and  )<br>RELEVIUM TECHNOLOGIES, INC.  )<br>)<br>Defendants.  ) | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Rheinmagnet Horst Baermann GmbH ("Rheinmagnet"), files this complaint against Defendants Ovid Acquisition Corp. ("Ovid") and Relevium Technologies, Inc. ("Relevium") (collectively, "Defendants") and alleges as follows:

## INTRODUCTORY STATEMENT

1. For more than four decades, Rheinmagnet has been a leading manufacturer and supplier of permanent magnetic products, including flexible magnets, which are used in therapeutic, commercial, and industrial applications.

2. In 1983, Rheinmagnet developed a permanent magnet suitable for therapeutic purposes which has been used worldwide. Since then, Rheinmagnet has invested substantial time and effort in developing, patenting, trademarking, and selling its proprietary concentric circle magnet technology for therapeutic applications.

3. Rheinmagnet is the owner of the registered BIOFLEX® Trademark which it first registered in Germany in 1985. Rheinmagnet registered BIOFLEX® in the United States in 1986 for permanent magnets for therapeutic use, and registered BIOFLEX® as a U.S. Trademark in 2007 for additional related uses.

4. Thus, Rheinmagnet is the owner of all rights, title, and interest in the BIOFLEX® marks, which are on the Principal Register and deemed incontestable.

5. Rheinmagnet markets its own therapeutic magnet products in Europe under the BIOFLEX® marks and through its website, www.bioflex.de. Rheinmagnet has been engaged in efforts to expand its presence in the U.S. to market its BIOflex® therapeutic products, including exhibiting at a major industry tradeshow in the U.S.

6. In 1998, Rheinmagnet executed a formal Trademark License Agreement with Florida-based Bioflex Medical Magnets, Inc. ("BMMI") that granted BMMI a limited license to use the BIOFLEX® marks in certain territories (the "License Agreement"). The License Agreement contained a non-assignment clause that prohibited the transfer or assignment of any rights under the agreement without the consent of Rheinmagnet. The License Agreement was terminated in 2009.

7. In August 2015, Defendant Relevium (then known as Ovid Capital Ventures, Inc.), through its wholly-owned subsidiary Ovid, purchased certain assets of BMMI. Following the asset purchase, the corporate name was changed to Bioflex Technologies, Inc., and subsequently was changed to Relevium Technologies, Inc. in December 2015. At no time did BMMI request or receive consent from Rheinmagnet to transfer or assign the limited license granted to BMMI under the License Agreement to Relevium, Ovid, or anyone else.

8. Relevium's website states that "BIOflex ® is the U.S. registered trademark of the magnetic device that is so unique it has been patent protected. The permanently magnetized, flexible pads that are at the core of each BIOflex product have been clinically shown to relieve chronic pain associated with muscular aches, sprains and strains, tendonitis, low back problems and other nagging injuries."

9. Defendants are currently using the BIOFLEX® marks in the U.S. without permission to market and sell their own concentric circle therapeutic magnets, including at least through the website www.bioflexmagnets.com, which is advertised on Relevium's website.

10. Defendants' use of the BIOFLEX® marks in direct competition with Rheinmagnet infringes on Rheinmagnet's trademarks and is likely to cause consumers to believe that Rheinmagnet is the source of Defendants' products.

11. Concerned about the infringement of its trademark and high likelihood of confusion among consumers, Rheinmagnet has made efforts to reach an amicable resolution, but Defendants have rebuffed those efforts. Rheinmagnet is therefore left without redress and files this complaint to stop Defendants' impermissible use of the BIOFLEX® marks, and to ask for appropriate damages and for an injunction to protect its investment and goodwill in the BIOFLEX® marks.

## NATURE OF THE ACTION

12. This is an action for:

(i)   trademark infringement under 15 U.S.C. § 1114;

(ii)  false designation of origin under 15 U.S.C. § 1125(a);

(iii) cybersquatting under 15 U.S.C. § 1125(d);

(iv)  trademark dilution under 6 Del. C. § 3301 *et seq.*;

(v)   statutory unfair competition under 6 Del. C. § 2531 *et seq.*;

(vi)  trademark infringement and unfair competition under Delaware common law; and

(vii) unjust enrichment under Delaware common law.

## JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because the action arises under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.* The Court has supplemental jurisdiction over the state law claims asserted in this action under 28 U.S.C. § 1367 because those claims are so related to the claims arising under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, that they form part of the same case and controversy under Article III of the United States Constitution. Jurisdiction over the state law causes of action is also proper under 28 U.S.C. § 1338(b) because claims of unfair competition are joined with substantial and related claims under the Federal Trademark laws.

14. Personal jurisdiction is proper in this District at least because Defendant Ovid Acquisition Corp. is incorporated in Delaware, is the wholly owned subsidiary of Relevium, and, on information and belief, Defendants offer their products for sale to residents of Delaware.

15. Venue is proper in this District at least under 28 U.S.C. § 1391(b)(1) because Defendant Ovid Acquisition Corp. is incorporated, and therefore resides, in Delaware.

## THE PARTIES

16. Plaintiff Rheinmagnet Horst Baermann GmbH is a German corporation with its principal place of business located at Ohlenhohnstrasse 23, 53819 Neunkirchen-Seelscheid, Germany.

17. On information and belief, Defendant Ovid Acquisition Corp. is a Delaware corporation with its principal place of business located at 1000 Sherbrooke St. W., Ste. 2700, Montreal, Quebec, Canada. On information and belief, Ovid is a wholly-owned subsidiary of Relevium Technologies, Inc.

18.     Upon information and belief, Defendant Relevium Technologies, Inc. is a Canadian corporation with its principal place of business at 1000 Sherbrooke St. W., Ste. 2700, Montreal, Quebec, Canada.  On information and belief, Relevium changed its corporate name from Bioflex Technologies, Inc. in December 2015.

## FACTS

### Introduction

19.     Rheinmagnet was founded by H.M. Baermann in 1966 as a manufacturer and supplier of permanent flexible magnets, building on the work of H.M. Baermann's father, Max Baermann, who invented and patented plastic bonded permanent magnets in 1934 and pioneered the use of flexible magnets for a variety of commercial and industrial applications.  One of Max Baermann's most notable inventions, patented in 1957, is the magnetized gasket used in refrigerators around the world.  The Baermanns' intellectual property has been protected by more than a thousand patents and trademarks worldwide.

20.     In 1983, H.M. Baermann invented a flexible permanent magnet for therapeutic use that is the subject of numerous U.S. and foreign patents.

21.     Rheinmagnet has marketed its own line of therapeutic magnet products under the BIOFLEX® marks in Europe and beyond since the mid-1980s.

### BIOFLEX® Marks are Protected by Federal Registration

22.     Since 1983, Rheinmagnet has continuously used the BIOFLEX® mark for its therapeutic magnets, including through its websites (www.rheinmagnet.com and www.bioflex.de) and previously through a limited license to BMMI.  Rheinmagnet first registered the BIOFLEX® trademark in Germany, Registration No. 1076309, on April 23, 1985.

23. The BIOFLEX® mark, U.S. Reg. No. 1417346, was registered to Rheinmagnet on November 18, 1986 on a 44(e) basis and has been in continuous use in connection with "Permanent Magnets for Therapeutic Use." This mark was renewed on March 12, 2007. Ex. A.

24. In 2001, Rheinmagnet filed for registration of the BIOFLEX® mark for additional categories. The mark, U.S. Reg. No. 3265415, was registered on July 17, 2007, and has been in continuous use in the U.S. in connection with:

> Magnets for medical purposes; magnetic patches, bandages, and garments all for therapeutic use; magnetic patches, bandages, and garments all for use in magnetic medical treatment; orthopedic support bandages; compression and elastic bandages, but not for wound care; garments for therapeutic use, namely, body corsets, body limb wraps, head and neck wraps, and clothing items employing magnets.

The mark was renewed on February 15, 2013. Ex. B.

### Rheinmagnet License to BMMI

25. On March 1, 1998, Rheinmagnet and BIOflex Medical Magnets, Inc. entered into a Trademark Licensing Agreement concerning use of the BIOFLEX® mark (the "License Agreement").

26. The License Agreement provided that Rheinmagnet owns the BIOFLEX® mark and that BMMI would be granted a limited license to exclusively use the BIOFLEX® mark in North, Central, and South America during the term of the License Agreement.

27. The License Agreement expressly prohibited assignment, transfer, or sublicense of the rights granted under the limited license to preserve the BIOFLEX® marks' distinctiveness and value.

28. In 2009, the License Agreement was terminated. Subject to the prohibition against assignment, transfers, or sublicensing of the BIOFLEX® mark contained in the License

Agreement, the termination clause of the License Agreement granted BMMI the residual right to continue use of its own trade names and trademarks, but required that BMMI immediately discontinue any other use of the BIOFLEX® marks.

### BMMI's Application for the BIOFLEX® Mark

29.     In June 2004, BMMI sought registration of a U.S. trademark for a stylized design that contained the BIOFLEX® mark.  That application, assigned U.S. Serial No. 78433817, was refused in light of Rheinmagnet's existing BIOFLEX® mark and Rheinmagnet's then-pending application.

30.     Because Rheinmagnet's BIOFLEX® mark blocked BMMI's own application, BMMI instituted cancellation proceedings before the TTAB on July 13, 2005 to either cancel the BIOFLEX® Trademark or have the mark assigned to BMMI.

31.     Rheinmagnet's rights were vindicated when BMMI withdrew the petition to cancel on May 3, 2007 and BMMI expressly abandoned its application for the stylized mark.

### Rheinmagnet's Use of the BIOFLEX® Mark

32.     Rheinmagnet's first BIOFLEX® mark, U.S. Reg. No. 1417346, and its second BIOFLEX® mark, U.S. Reg. No. 3265415, have been on the principal register in the U.S. since 1986 and 2007, respectively.  The marks were renewed in 2007 and 2013, and are deemed incontestable pursuant to 15 U.S.C. § 1065.  *See* Exs. A-B.  Rheinmagnet has never abandoned use of the BIOFLEX® marks, or expressed any intent to abandon use of the BIOFLEX® marks.

33.     Rheinmagnet has continuously marketed its therapeutic magnets online at www.bioflex.de, and intends to expand its marketing efforts for its own line of products in the U.S. through Baermann Magnetics, Inc., a long-established company owned by the Baermann family located in Spartanburg, South Carolina.

34. Rheinmagnet uses the BIOFLEX® mark to sell flexible magnets or magnetic products for therapeutic use and offers its BIOflex® products for sale on its website at www.bioflex.de.

35. Rheinmagnet has developed enormous recognition for its goods and services in this market as a consequence of the extensive advertising, promotion, and use of the BIOFLEX® marks around the world.

36. Rheinmagnet plans to capitalize on the valuable reputation and tremendous goodwill enjoyed by the BIOFLEX® marks by expanding its offerings in the U.S. for products using Rheinmagnet's BIOFLEX® marks.  To that end, Rheinmagnet has exhibited its BIOflex® products at a leading tradeshow in the U.S. to engage with potential U.S. distributors.

37. Defendants' continued use and infringement of Rheinmagnet's BIOFLEX® marks in direct competition with Rheinmagnet not only jeopardizes the good will and reputation of Rheinmagnet and the BIOFLEX® marks, but also undermines Rheinmagnet's attempts to sell its products in the U.S. market.

**Defendants' Use of the BIOFLEX® Mark**

38. In a regulatory filing posted on SEDAR on August 31, 2015, Defendants purport to have acquired certain intellectual property from BMMI, including "All rights in the name 'BioFlex'."  Ex. C.  However, as discussed above, BMMI's limited license to use the BIOFLEX® marks was terminated in 2009, and any residual rights BMMI may have had were personal to BMMI and subject to the non-assignment clause of the License Agreement.

39. Relevium's website states: "Through its wholly-owned subsidiary Bioflex Technologies Inc., the company will focus on the development and commercialization of

8

magnetic therapeutic devices to assist in the recovery and healing process from injuries in muscles, ligaments, tendons and nerves." Ex. D.

40. Defendants prominently display the BIOFLEX® marks on their website, while recognizing that the mark is registered. Relevium's website states that "BIOflex® is the U.S. registered trademark of the magnetic device that is so unique it has been patent protected" (http://www.releviumcorp.com/bioflex-technologies/):



41. Clicking the "visit the Bioflex website" link on the page above takes the user to a website located at www.bioflexmagnets.com, that prominently displays the BIOFLEX® marks in conjunction with Defendants' own product offerings:

9



42.     The products bearing the BIOFLEX® marks are described on Defendants' websites as "concentric circle magnets [. . .] for musculoskeletal pain relief."  The websites further state that "BIOflex® is the ORIGINAL magnet manufactured specifically and exclusively for human and veterinary medical use" and that "Only BIOflex® offers concentric circle magnets, providing a unique configuration of constant and gradient fields, which have been shown to be clinically effective for musculoskeletal pain relief."  Ex. E.

43.     Defendants' continued use of the BIOFLEX® marks infringes Rheinmagnet's registered Trademarks and also creates actual confusion amongst consumers, diluting the value of the marks.

## COUNT I
### (Infringement of a Registered Trademark in Violation of 15 U.S.C. § 1114(1)(a))

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 of this Complaint.

45. Plaintiff owns U.S. Registration Nos. 1417346 and 3265415 for the BIOFLEX® Trademarks.

46. Defendants are infringing Plaintiff's BIOFLEX® marks by using the same marks on products that directly compete with Plaintiff's products, and offering those products for sale in the U.S., including through Defendants' website www.bioflexmagnets.com.

47. The infringement of these marks by Defendants has been willful and deliberate, designed specifically to trade upon the goodwill of Plaintiff's BIOFLEX® marks, all associated with Plaintiff's excellent reputation.

48. The goodwill of Rheinmagnet's business under its BIOFLEX® marks is of significant value, and Plaintiff has suffered and will continue to suffer irreparable harm and injury should infringement be allowed to continue to the detriment of Plaintiff's trade reputation and goodwill.

49. Defendants' infringement, if continued, will cause Rheinmagnet irreparable harm unless enjoined by this Court.

## COUNT II
### (False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

50. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 49 of this Complaint.

51. Defendants' prominent use of the BIOFLEX® marks in connection with the same products and services as Rheinmagnet constitutes a false designation of origin or false or

misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff's BIOFLEX® marks, and/or as to the origin, sponsorship or approval of Defendants' commercial activities by Rheinmagnet, and as a consequence are likely to divert customers away from Rheinmagnet.

52. Rheinmagnet has no control over the nature and quality of Defendants' goods and services. Any failure, neglect or default by Defendants in providing such goods or services will reflect adversely on Rheinmagnet as the believed source of origin thereof, hampering efforts by Rheinmagnet to continue to protect its outstanding reputation for high quality goods and services, resulting in loss of sales thereof and the considerable expenditure to promote its products and services under the BIOFLEX® marks, all to the irreparable harm of Plaintiff.

53. Defendants' use of the BIOFLEX® marks has caused and is likely to cause confusion and false designation of origin in the trade and among the public. This confusion constitutes irreparable harm and injury to Plaintiff, which will continue unless Defendants is enjoined by this Court.

## COUNT III
### (Cybersquatting in Violation of 15 U.S.C. § 1125(d))

54. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 53 of this Complaint.

55. Defendants have used the domain name www.bioflexmagnets.com in bad faith with intent to profit from Rheinmagnet's BIOFLEX® marks and intends to divert consumers from Plaintiff's online location to a site accessible under www.bioflexmagnets.com such that Defendants' use harms the goodwill represented by Rheinmagnet's marks, either for commercial gain or with the intent to tarnish or disparage Rheinmagnet's mark, by creating a likelihood of

confusion as to the source, sponsorship, affiliation, or endorsement of the site; and thus creates a likelihood of injury to Rheinmagnet's business.

56. Defendants' cybersquatting has and will continue to cause Rheinmagnet irreparable harm unless enjoined by this Court.

### COUNT IV
(*Trademark* Dilution Under the Delaware Trademark Act, 6 Del. C. §3301 *et seq.*)

57. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56 of this Complaint.

58. Defendants' use of Plaintiff's trademarks as hereinabove alleged creates a likelihood of injury to Rheinmagnet's business reputation and/or dilution of the distinctive quality of its BIOFLEX® marks, in violation of 6 Del. C. § 3301 *et seq.*

59. Money damages will not adequately remedy Plaintiff's injuries, and Rheinmagnet is entitled to injunctive relief against Defendants' use of the BIOFLEX® marks in commerce.

### COUNT V
(**Unfair Competition under Del. Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.***)

60. Plaintiff hereby realleges and incorporates herein the allegations of Paragraphs 1 through 59 of this Complaint.

61. By its acts, described above, Defendants have engaged in a deceptive trade practice in violation of 6 Del. C. §2532, *inter alia*, because, in the course of their business, they have caused and continue to cause likelihood of confusion or misunderstanding as to (a) the source, sponsorship, approval, or certification of the BIOFLEX® goods and services by Rheinmagnet; or (b) affiliation, connection, or association, or certification of the BIOFLEX® goods and services by Rheinmagnet.

62. Rheinmagnet is likely to be damaged by Defendants' deceptive trade practices and is entitled to an injunction.

## COUNT VI
**(Delaware Common Law Trademark Infringement and Unfair Competition)**

63. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62 of this Complaint.

64. In addition to the federal trademark registrations owned by Rheinmagnet as set forth above, Plaintiff owns and uses the BIOFLEX marks in various forms, iterations and styles and other unregistered marks incorporating similar designs in connection with a broad range of goods and services, which marks have not, as yet, been registered with the USPTO ("Rheinmagnet Unregistered Marks").

65. Plaintiff owns and enjoys common law rights in the State of Delaware and throughout the United States in and to the Rheinmagnet Unregistered Marks for the goods and services set forth herein, which are superior to any rights which Defendants may claim in and to the BIOFLEX names in any form or style with respect to the provision and sale of goods and services in connection with therapeutic magnets.

66. Defendants' use of the Rheinmagnet Unregistered Marks and associated trade dress in the State of Delaware and elsewhere throughout the United States have caused and will continue to cause confusion as to the source of Defendants' goods and services in that purchasers thereof will be likely to associate or have associated such goods and services with and as originating with the Rheinmagnet, all to the detriment of the Plaintiff.

67. By committing the acts herein alleged, Defendants is engaging in unfair competition, deceptive advertising, and unfair trade practices, in violation of the Delaware common law of unfair competition, causing Rheinmagnet damages and loss of profits.

14

68. Defendants' unlawful conduct has caused and will continue to cause Rheinmagnet irreparable harm unless enjoined by this Court.

## COUNT VII
### (Delaware Common Law Unjust Enrichment)

69. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 68 of this Complaint.

70. By the acts alleged herein, Defendants has been enriched by revenues associated with the BIOFLEX® marks, and Rheinmagnet has been impoverished in commensurate degree by the loss of revenues in connection with goods and services associated with the BIOFLEX® marks.

71. There is no justification for Defendants' use of BIOFLEX®, and Plaintiff has no adequate remedy at law.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues in this matter so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant it the following relief:

A. Adjudge that Defendants have infringed and continue to infringe Plaintiff's BIOFLEX® trademarks in violation of Plaintiff's rights under common law, 15 U.S.C. § 1114, and/or Delaware law;

B. Adjudge that Defendants have engaged and continue to engage in false designation of origin in violation of Plaintiff's rights under 15 U.S.C. § 1125(a);

C. Adjudge that Defendants have engaged and continue to engage in unfair competition in violation of Plaintiff's rights under common law and/or Delaware law;

D. Adjudge that Defendants' activities are likely to dilute Plaintiff's trademarks in violation of Plaintiff's rights under Delaware law;

E. Adjudge that Defendants' activities constitute cybersquatting in violation of 15 U.S.C. § 1125(d) and order that ownership of the domain name www.bioflexmagnets.com be transferred to Rheinmagnet;

F. Adjudge that Defendants and their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be preliminarily and permanently enjoined and restrained from:

   i. manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that use Plaintiff's BIOFLEX® Trademarks or display any words or symbols that so resemble Plaintiff's BIOFLEX® marks as to be likely to cause confusion, mistake, or deception, on or in connection with any product or service that is not authorized by or for Plaintiff, including any goods or services bearing the BIOFLEX® marks for which Defendants are responsible, or any other approximation of Plaintiff's trademarks;

   ii. using any word, term, name, symbol, device or combination thereof, including without limitation any domain name or other Internet signifier, that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or its products with Rheinmagnet, or as to the origin of Defendants' goods or services, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

16

    iii. further infringing the rights of Rheinmagnet in and to its BIOFLEX® marks or otherwise damaging Plaintiff's goodwill or business reputation;

    iv. further diluting the BIOFLEX® marks;

    v. otherwise competing unfairly with Plaintiff in any manner; and

    vi. continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

  G. Adjudge that Defendants be required immediately to deliver to Plaintiff's counsel its entire inventory of infringing products that are in its possession or subject to its control and that infringe Rheinmagnet's trademarks as alleged in this Complaint;

  H. Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Rheinmagnet or its counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

  I. Adjudge that Rheinmagnet recover from Defendants its damages and lost profits, and Defendants' profits, in an amount to be proven at trial, as well as triple and/or punitive damages under Delaware law;

  J. Adjudge that Defendants be required to account for any profits that are attributable to its unlawful acts, and that Rheinmagnet be awarded (1) Defendants' profits and (2) all damages sustained by Rheinmagnet, under 15 U.S.C. § 1117, plus prejudgment interest;

  K. Adjudge that the this is an exceptional case, and that amounts awarded to Plaintiff pursuant to 15 U.S.C. § 1117 and/or any other applicable statute shall be trebled;

  L. Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of its infringing activities;

M. Adjudge that Plaintiff be awarded its costs and expenses incurred in connection with this action, including Plaintiff's reasonable attorneys' fees and other expenses; and

N. Adjudge that all such other and further relief be awarded to Plaintiff as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Thomas C. Grimm (#1098)
Michael J. Flynn (#5333)
Micro J. Haag (#6165)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
mflynn@mnat.com
mhaag@mnat.com

*Attorneys for Rheinmagnet Horst Baermann GmbH*

March 31, 2016